[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-15187; No. 16-15188
Non-Argument Calendar
_____

D.C. Docket Nos. 2:13-cr-00075-WHA-CSC-1,
2:13-cr-00076-WHA-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERMAN TERRY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(May 23, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sherman Terry appeals his sentence of 48 months of imprisonment

following the revocation of his supervised release. *See* 18 U.S.C. § 3583(e). Terry argues that his sentence is substantively unreasonable. We affirm.

A probation officer petitioned the district court to revoke Terry's supervised release, which he was serving as part of the sentences that he received, in one case, for conspiring to launder money, wire fraud, and attempted wire fraud and, in a separate case, for wire fraud. Terry pleaded no contest to violating his supervised release by leaving Alabama without permission; violating Georgia law by committing first degree forgery, identity fraud, possessing a vehicle with an altered vehicle identification number, theft by deception, and theft by receiving a stolen vehicle; and violating federal law by submitting a supervision report that contained a false statement. The probation officer recommended that Terry receive consecutive sentences totaling 48 months of imprisonment.

During the revocation hearing, the district court found that Terry committed Grade B violations which, with a criminal history of I, resulted in an advisory guideline range of four to ten months of imprisonment, U.S.S.G. §§ 7B1.1, 7B1.4, and maximum statutory sentences of three years of imprisonment, 18 U.S.C. § 3583(e)(3). The district court admitted into evidence an investigative report stating that Terry, within two months of his release from prison, used shell companies to perpetrate fraudulent activities. The report also stated that Terry acquired two false driver's licenses, fraudulent credit cards, and posted information

2

about a business on Craigslist. The district court "considered and consulted Chapter 7 of the sentencing guidelines[,] . . . the reasonableness of a sentence through the lens of Section 3553[,] and . . . the recommendation of the probation officer" and sentenced Terry to 36 months in his conspiracy case and to a consecutive term of 12 months in his wire fraud case.

The district court did not abuse its discretion when it varied upward from the guideline range and sentenced Terry to 48 months of imprisonment. Terry argues that his sentence is based solely on his new criminal charges, but the district court "considered . . . [Terry's] history and characteristics and [the similarity of his new and] original charges"; his resumption of criminal activity; his pocketing "$15,500 in cash . . . [for] a stolen car"; and his "brazen" recidivism "on supervision, under the very nose and eyes of the U.S. Government." The district court stated that Terry's "continue[d] . . . engage[ment] in the same . . . fraudulent and deceptive . . . [and] theft activit[ies]" and his refusal "to comply with the conditions of supervised release" warranted a "stiff sentence." The district court reasonably determined that Terry's sentences were necessary "to reflect [Terry's] history and characteristics, to afford adequate deterrence to criminal conduct, and to protect the public from further [similar] crimes." *See* 18 U.S.C. §§ 3583(c), 3553(a). Based on those factors, the district court also reasonably decided to accept the probation officer's recommendation that Terry's sentences run consecutively. *Id.* § 3584(b).

3

Although Terry had been gainfully employed and had familial obligations, the district court determined that Terry's "conduct [had] proven that [he did] not plan to comply with the conditions of supervised release because [he] continue[d] to involve [him]self in criminal activities in the very same nature of what [he was] sentenced for in the first place." Terry's sentence is reasonable.

We **AFFIRM** Terry's sentence.